UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELVIN HARDIN | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | )   No. 3:15-CV-00512 |
| | ) |
| FINKELSTEIN, KERN, STEINBERG, & | ) |
| CUNNINGHAM, P.C., | ) |
| | ) |
|     *Defendant.* | ) |

## MEMORANDUM OPINION

Before the Court is Finkelstein, Kern, Steinberg, & Cunningham, P.C.'s motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In its motion, Finkelstein claims that Mr. Hardin has failed to allege a plausible claim under the Fair Debt Collection Practices Act. In response, Mr. Hardin states that he has stated plausible claims under the FDCPA, and that this Court should entertain his attack on the state-court judgment.

## I. STATEMENT OF FACTS

On August 28, 2014, Finkelstein filed a civil warrant in the General Sessions Court for Jefferson County on behalf of Cavalry Investments, LLC, which named Mr. Hardin as the defendant. Mr. Hardin was properly served and appeared at a hearing on October 6, 2014.

At that hearing, Finkelstein states that Mr. Hardin agreed that judgment would be entered against him for $15,680.86, and he would pay $200 per month for three months beginning in November 2014. Mr. Hardin, however, claims that he only agreed to the $200 per month. The General Sessions judge announced the $200-per-month payment plan, but failed to inquire about the $15,680.86. Noticing that the $15,680.86 was not in the judgment, Finkelstein orally moved to correct the oversight, amend the judgment amount, or vacate the judgment and enter a new judgment. Since Mr. Hardin had already left the courtroom, the court advised Finkelstein to file a written motion to amend the judgment and the court would correct the matter at a later hearing.

Finkelstein sent Mr. Hardin a letter on October 13, 2014 to discuss the matter and establish a payment plan; however, Finkelstein received no response. On October 23, 2014, Finkelstein sent another letter to Mr. Hardin informing him of the new hearing date, which was set for March 16, 2015. On November 3, 2014, Finkelstein sent Mr. Hardin a copy of the motion regarding the court's oversight of the $15,680.86 judgment as well as a proposed order; yet again, Mr. Hardin failed to respond. Mr. Hardin also failed to make the required $200-per-month payments to Finkelstein.

On December 1, 2014, the General Sessions Court entered a written order setting aside the judgment from the October 6th hearing. On March 16, 2015, the court entered default judgment against Mr. Hardin, who did not appear.

Finkelstein then proceeded to execute its post-judgment remedies. The clerk issued a garnishment to Mr. Hardin's credit union for $15,832.80 as well as a garnishment to Mr. Hardin's employer for $15,174.50. Both Mr. Hardin's employer and

credit union began garnishing Mr. Hardin's funds and sending them to the clerk's office. Also, on May 19, 2015, Finkelstein sent Mr. Hardin a collection letter which stated that a judgment lien was registered in the Jefferson County property records.

On October 16, 2015, Mr. Hardin filed his complaint in the Circuit Court for Jefferson County, which sought to amend the prior judgment of the General Sessions Court. Mr. Hardin also claimed numerous violations under state law and the FDCPA. Mr. Hardin claims that the General Sessions Court lacked jurisdiction to grant the motion to set aside the judgment because Finkelstein failed to file a motion to set aside judgment within 10 days after entry of the October 6, 2014 judgment.

## II. STANDARD OF REVIEW

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 551 U.S. 89 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 550 U.S. at 555 (internal quotation marks omitted). However, although a complaint is to be liberally construed, a district court need not accept a "bare assertion or legal conclusions." *Id.*; *see also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## III. ANALYSIS

### A. The FDCPA

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The Court is required to analyze the alleged FDCPA violations "through the lens of the least sophisticated consumer." *Gionis v. Javitch, Block, & Rathbone LLP*, 238 Fed.Appx. 24, 28 (6th Cir. 2007). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *Id.* at 1318. It also protects debt collectors against liability for "bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320.

The part of the FDCPA at issue here is 15 U.S.C. § 1692e(11), which states that a debt collector violates the FDCPA if the debt collector's communications with the consumer fails to state that the communication is from a debt collector:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C.A. § 1692e(11). Mr. Hardin argues that Finkelstein violated this section because the motion and order to set aside judgment, the default judgment, as well as the judgment lien each constitute subsequent communications from Finkelstein that did not state that the communication was from a debt collector.

Mr. Hardin also states that the motion and order to set aside judgment, the default judgment, and the judgment lien do not fall within the statute's "formal-pleading exception" *See id.* Mr. Hardin argues that the Court should construe the "formal pleading exception" to include only those pleadings listed in Tennessee Rule of Civil Procedure 7.01. Mr. Hardin also cites to *Collins v. Portfolio Recovery Associates LLC*, a non-binding decision in which the court rejected defendant's argument that a civil warrant, filed as an initial communication, was a formal pleading so as to be exempt from the disclosure requirements under the FDCPA before proceeding to dismiss plaintiff's 15 U.S.C. § 1692e(11) claim for failure to state a claim. 2013 WL 9805805, at *1 (E.D. Tenn. June 7, 2013). In so finding, the *Collins* court referred to two unpublished decisions from the Tennessee Court of Appeals, both of which concerned appeals from

5

General Sessions Courts, and infer that civil warrants are not formal pleadings for the purposes of an appeal of a General Sessions Court decision. Upon reviewing the record and cited case law, this Court is not persuaded by *Collins* or Mr. Hardin's narrow definition of the "formal pleading exception." Plaintiff's argument has been rejected by this Court in *White v. Sherman Financial Group LLC,* 2013 WL 5936679 at *8-9 (E.D.Tenn. 2013) (civil warrant and affidavit fell within formal pleading exception to FDCPA, and were not required to contain necessary disclosures). Accordingly, the Court finds that Mr. Hardin's allegations fall outside the scope of 15 U.S.C. § 1692e(11) and are thus insufficient to support a claim under the FDCPA.

**B. State Law Claims**

When subject matter jurisdiction is not based upon diversity jurisdiction and all federal claims have been dismissed, the policy in the Sixth Circuit is to dismiss the remaining state law claims. *See Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) ("If federal claims are dismissed before trial, the state claims generally should be dismissed as well"). The balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed. *Musson Theatrical, Inc., v. Federal Express Corp.,* 89 F.3d 1244, 1254-44 (6th Cir. 1996). Here, the questions remaining are better suited for the expertise of the state, and the court finds that judicial economy would not be served by exercising supplemental jurisdiction over the state law claims. Accordingly, the remaining state law claims will be remanded to the Circuit Court of Jefferson County, Tennessee.

## IV. CONCLUSION

For the foregoing reasons, Finkelstein's motion to dismiss [R. 12] is **GRANTED** as to Mr. Hardin's claim under the FDCPA. The remaining state law claims are **REMANDED** to the Circuit Court of Jefferson County, Tennessee.

_____
**UNITED STATES DISTRICT JUDGE**